UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PENNY R. BONDS | CIVIL ACTION |
| VERSUS | NO. 13-417-JJB-RLB |
| CAROLYN COLVIN,<br>ACTING COMMISSIONER<br>OF THE SOCIAL SECURITY<br>ADMINISTRATION | |

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 20, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PENNY R. BONDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-417-JJB-RLB** |
| **CAROLYN COLVIN,<br>ACTING COMMISSIONER<br>OF THE SOCIAL SECURITY<br>ADMINISTRATION** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Penny R. Bonds (Plaintiff), seeks judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for supplemental security income benefits. (R. Doc. 1); (Tr. 1-4, 9-20).[1] Having found all of the procedural prerequisites met, the Commissioner's determination is now ripe for review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you . . . file an action in Federal district court . . . .").

For the reasons assigned below, the Court recommends the decision of the Commissioner be **AFFIRMED** and Plaintiff's appeal be **DISMISSED with prejudice**.

**I.     STANDARD OF REVIEW**

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019,

---

[1] References to documents filed in this case are designated by: (R. Doc. [docket entry number(s)] at [page number(s)]). Reference to the record of administrative proceedings filed in this case is designated by: (Tr. [page number(s)]).

1021 (5th Cir. 1990). Substantial evidence has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (defining "substantial evidence" in the context of the National Labor Relations Act, 29 U.S.C. § 160(e)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quotations omitted). Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) ("we must carefully scrutinize the record to determine if, in fact, such evidence is present; at the same time, however, we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's"); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (same).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). If the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

## II.     ALJ'S DETERMINATION

In determining disability, the Commissioner (through an ALJ) works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining his or her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (explaining the five-step process). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his or her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c). At step three the ALJ must conclude the claimant is disabled if he proves that his or her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments). Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of his or her past relevant work. 20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that he or she is capable of performing other work. 20 C.F.R § 404.1520(g)(1). If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

A hearing was held before the ALJ on April 13, 2012. (Tr. 25-58). Plaintiff was represented by counsel at the hearing. (Tr. 25, 27). A vocational expert was also present. (Id.).

Following the hearing and after reviewing the evidence contained in the administrative record, the ALJ issued her decision on April 25, 2012, making the following determinations:

1. Plaintiff has not engaged in substantial gainful activity since September 1, 2010, the application date.

2. Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, status post fusion; degenerative disc disease of the cervical spine; history of open reduction internal fixation (ORIF) fof the right ankle post injury; and obesity.

3. Plaintiff does not have an impairment (or combination of impairments) that meets or medically equal one of the listed impairments.

4. Plaintiff has the residual functional capacity (RFC) to perform the full range of sedentary work.

5. Plaintiff is unable to perform any past relevant work.

6. Considering the Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

(Tr. 12-20). The ALJ concluded that Plaintiff had not been under a disability since September 1, 2010, the date the application was filed. (Tr. 20).

## III. APPEALS COUNCIL ACTION

Plaintiff timely requested review of the ALJ's adverse decision. (Tr. 8). Additional evidence was received by the Appeals Council and made part of the record. That additional evidence included a brief dated May 15, 2012 and a letter dated June 19, 2012, both authored by Plaintiff's attorney, Michael D. Breaux. (Tr. 6, 202-04, 206-07). In a decision dated May 1, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. 1-4). The Appeals Council specifically referenced the aforementioned brief and letter as part of the material that was considered. The Appeals Council further stated:

> We also looked at a Questionnaire Regarding Major Dysfunction of a joint dated June 14, 2012 (3 pages). The Administrative Law Judge decided your case through April 25, 2012. This new information is about a later time. Therefore, it

does not affect the decision about whether you were disabled beginning on or before April 25, 2012.

If you want us to consider whether you were disabled after April 25, 2012, you need to apply again. We are returning the evidence to you to use in your new claim.

(Tr. 2). The aforementioned questionnaire was not made part of the record.[2] By denying Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner of Social Security in Plaintiff's case.

IV. **ASSIGNMENT OF ERROR AND COMMISSIONER'S RESPONSE**

Plaintiff raises a single statement of error. Plaintiff avers that the Commissioner "erred in failing to admit into the administrative record medical opinion evidence from plaintiff's treating orthopedic surgeon, Catherine E. Johnson, M.D." (R. Doc. 11-1 at 1, 3) ("The issue plaintiff asserts in this appeal is whether or not the defendant erred by failing to admit new and material medical evidence into the administrative record and consider it in its review of the disability claim.").[3] Plaintiff attached a copy of the three page "Questionnaire Regarding Major Dysfunction of a Joint" (hereinafter "Johnson Questionnaire") to her appeal memorandum as well as documentation reflecting that the Johnson Questionnaire was attached to the June 19, 2012 letter to the Appeals Council. (R. Doc. 11-3 at 3-7). Plaintiff acknowledges that the Johnson Questionnaire "is the only medical opinion evidence regarding whether or not plaintiff has medical impairments that meet or equal a listed impairment at step three" and the failure to make this a part of the record was reversible error. (R. Doc. 11-1 at 5).

---

[2] This report is referenced as an attachment in the first paragraph of the June 19, 2012 letter to the Appeals Council. As indicated in the Appeals Council decision, the report itself was returned to Plaintiff.

[3] Plaintiff submitted two documents titled "Plaintiff's Memorandum in Support of Her Appeal." (R. Docs. 11 and 11-1). The first submission is limited to a "Statement of Relevant Facts" that provides an overview of the procedural history as well as citations to various excerpts from the Administrative Record concerning Plaintiff's medical history as well as testimony provided at the hearing. (R. Doc. 11). The single assertion of error is contained in the second memorandum. (R. Doc. 11-1).

The Commissioner argues that the Appeals Council properly determined that the Johnson Questionnaire was immaterial to whether Plaintiff was disabled on or before April 25, 2012. (R. Doc. 13). The Johnson Questionnaire does not relate to the relevant period covered by the ALJ's decision. At best, it represents evidence of a later acquired disability or subsequent deterioration of a previously non-disabling condition and therefore Plaintiff must file a new claim for benefits if she wants the Commissioner to determine whether she was disabled after April 25, 2012. (R. Doc. 13 at 4).

## V. DISCUSSION

The issue on appeal is whether the Appeals Council erred in failing to make the Johnson Questionnaire a part of the record and failed to consider it in the review of Plaintiff's disability claim. A claimant may submit "new and material evidence" to the Appeals Council for consideration when deciding whether to grant a request for review of an ALJ's decision. *See* 20 C.F.R. §§ 416.1470(b), 416.1476(b). To be considered material, the evidence must "relate to the time period for which benefits were denied." *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985); *see also* 20 C.F.R. § 416.1470(b) ("if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.").

Evidence of a later-acquired disability or a subsequent deterioration of a nondisabling condition is not material. *Johnson*, 767 F.2d at 183.

Plaintiff has failed to demonstrate that the Johnson Questionnaire is "material" for purposes of consideration by the Appeals Council. As the Appeals Council noted, this three page document was dated June 14, 2012 and because the ALJ decided Plaintiff's case through April 25, 2012, the Johnson Questionnaire was "about a later time." A review of the Johnson Questionnaire confirms this finding. According to Dr. Johnson, she met with Plaintiff on June 7,

7

2012 and this was Plaintiff's "1st appt." (R. Doc. 11-3 at 6). Dr. Johnson further opined that Plaintiff qualified for the listed impairment "at that time" and also noted that it "will hopefully be temporary." (Id.). There is nothing in the Johnson Questionnaire that pertains to or would otherwise relate to any period of time prior to April 25, 2012. There is no reference to any findings or documentation pertaining to that time period and her opinion is specifically limited to a date outside of the time period for which benefits were denied. As this evidence is not "material," the Appeals Council was not required to consider it. *See Johnson*, 767 F.2d at 183.

Because this new evidence pertains to a period other than that for which benefits were denied, there is no possibility that it would have changed the outcome of Plaintiff's disability determination.[4] Accordingly, remand is not required.

## VI.     RECOMMENDATION

For the reasons discussed above, the Court recommends the decision of the Commissioner be **AFFIRMED** and Plaintiff's appeal be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on August 20, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

---

[4] Defendant is also correct that the administrative record contains no evidence of Dr. Johnson's characterization as a "treating" physician for purposes of the applicable regulations. *See* 20 C.F.R. § 416.902 (a treating source means your own physician who has "an ongoing treatment relationship with you" as established by a treatment relationship when "you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)."). Regardless, because Dr. Johnson's opinions only pertain to a time period following April 25, 2012, the weight to give those opinions, if any, would be properly determined in relation to a subsequent claim for benefits.

Any subsequent consideration of the Johnson Questionnaire would also need to consider the extent those opinions go to issues reserved to the Commissioner. 20 CFR § 416.927(d) ("Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . the final responsibility for deciding these issues is reserved to the Commissioner.").